**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MERCHANTS TERMINAL CORPORATION | * |
| | * |
| Plaintiff | * |
| | *   CIVIL CASE NO. 1:09-cv-02065-WDQ |
| v. | * |
| L & O TRANSPORT, INC., et al. | * |
| | * |
| Defendants | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION FOR PREJUDGMENT ATTACHMENT**

      L & O Transport, Inc., Cross-Plaintiff, by its attorneys, Rodger O. Robertson, Esquire and the Law Offices of Joseph Jagielski, pursuant to Federal Rule of Civil Procedure 64, respectfully requests that this Honorable Court issue an appropriate prejudgment attachment against the property and/or credits specified hereinbelow and belonging to or otherwise owed to Charles Elmore, Cross-Defendant, and as reasons therefore states:

      1.     That Merchants Terminal Corporation seeks compensatory damages against L&O and Charles Elmore alleging that they failed to deliver a shipment of wild caught salmon which had been entrusted by the Plaintiff to Defendants on or about October 22, 2008 for transport by tractor-trailer in interstate commerce from Delaware to Maryland.

      2.     That the deposition testimony of Charles Elmore, obtained on October 28, 2010 and attached hereto as Exhibit A, confirmed that he has engaged in a long term business relation hauling cargo for Merchants Terminal Corporation and that monies earned have been paid directly to him by Merchants Terminal Corporation since as early as 2004. The aforesaid relationship is believed to have terminated following the October 22, 2008 occurrence.

3. That the deposition testimony of Charles Elmore also disclosed that he had filed a separate lawsuit against Merchants Terminal Corporation, prior to his inclusion in the present case, seeking to recover monies and fees owed to him by Merchants Terminal Corporation for his past services. The Elmore suit has been voluntarily dismissed, without prejudice, by stipulation with Merchants Terminal Corporation pending the conclusion of the present litigation.

4. That the deposition testimony of Charles Elmore further asserted that his transport of cargo on October 22, 2008 was performed pursuant to an Owner/Operator Agreement with L&O, wherein he is required under paragraph 10 of the Agreement "to indemnify, defend and hold L&O harmless from any loss, damage, expense of claim including attorney fees" arising out of the acts or failures to act by Charles Elmore or his drivers, and wherein he is further required under paragraph 6 of the Agreement "to reimburse L&O for all amounts which L&O pays to third parties in settlement of any claims" arising out of the loss of any property in the custody of Charles Elmore or his drivers. A copy of the alleged Owner/Operator Agreement was attached to his deposition as Exhibit 1 and forms a subpart of Exhibit A herein.

5. That L&O has filed its Crossclaim herein to recover from Charles Elmore all or part of the damages claimed by Merchants Terminal Corporation.

6. That Rule 64 of the Federal Rules of Civil Procedure provides that "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," including attachment and garnishment.

7. That Courts and Judicial Proceedings Article, § 3-302, Maryland Code, provides for the issuance of attachments against property or credits of debtor, stating that "A court of law

including the District Court, within the limits of its jurisdiction, may issue an attachment at the commencement of the action or while it is pending against any property or credits, whether matured or unmatured, belonging to the debtor upon the application of the plaintiff in the action."

8. That L&O, as Cross-Plaintiff herein, requests that this Honorable Court issue an Order of Attachment against the payment of any monies by the Plaintiff, Merchants Terminal Corporation, to the Cross-Defendant, Charles Elmore, owed either in full or partial payment of his services performed by Charles Elmore on behalf of Merchants Terminal Corporation.

9. That the requested prejudgment relief is necessary to prevent the obfuscation or depletion of funds which may be owed by the Plaintiff herein to Charles Elmore, while ignoring the rights of L&O for contribution or indemnification from Charles Elmore, as Cross-Defendant, for any monies found to be owed by L&O to Merchants Terminal Corporation.

WHEREFORE, Cross-Plaintiff request that this Honorable Court issue an appropriate Order garnishing the payment of any funds from Merchants Terminal Corporation to Charles Elmore pending the resolution of the Crossclaim herein for all sums, or for a pro-rata share of all sums, which may be adjudged against Cross-Plaintiff in favor of Plaintiff.

\_\_\_\_/s/_____
Rodger O. Robertson, Esquire
Federal Bar No.: 010374
The Law Offices of Joseph M. Jagielski
7 St. Paul Street
Suite 1250
Baltimore, Maryland  21202
443-353-2301
*Attorneys for Cross-Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MERCHANTS TERMINAL CORPORATION | * | |
| | * | |
| Plaintiff | | |
| | * | CIVIL CASE NO. 1:09-cv-02065-WDQ |
| v. | | |
| | * | |
| L & O TRANSPORT, INC., et al. | | |
| | * | |
| Defendants | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November, 2010, a copy of the foregoing *Motion for Prejudgment Attachment* was sent electronically and/or mailed, first class, postage pre-paid to:

James D. Skeen, Esquire
David C. Ledyard-Marks, Esquire
Skeen and Kauffman LLP
911 N. Charles Street
Baltimore, Maryland  21201
*Attorney for Plaintiff*

David Preller, Jr., Esquire
Preller and Preller
102 W. Pennsylvania Avenue
 Suite 302
Towson, Maryland  21204
*Attorney for Charles R. Elmore*

_____/s/_____
Rodger O. Robertson, Esquire