# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                              |       |                         |
|------------------------------|-------|-------------------------|
| MERCHANTS TERMINAL CORP.,    | *     |                         |
| v.                           | *     | Case No. SAG-09-CV-2065 |
| L&O TRANSPORT, INC., *et al.*| *     |                         |

## MEMORANDUM

Plaintiff Merchants Terminal Corporation ("Merchants") brings a claim under the Carmack Amendment, 49 U.S.C. § 14706, against Defendant L&O Transport, Inc. ("L&O") and a state law negligence claim against Defendant Charles R. Elmore ("Elmore"). Merchants's claims arise from a shipment of wild caught salmon ("the shipment") that L&O contracted to deliver from Delaware to Merchants in Maryland. The shipment was transported in a truck owned by Elmore. L&O has filed a cross-claim against Elmore for indemnification. Two motions are pending: Defendant Elmore's Motion to Dismiss the Amended Complaint and Cross-Plaintiff L&O's Motion for Writ of Garnishment. For the reasons stated below, Elmore's Motion to Dismiss is granted and L&O's Motion for Writ of Garnishment is denied.

## I.    Facts

On or about October 22, 2008, L&O obtained the shipment, which had an approximate value of $63,184.00, and agreed to deliver it to Merchants in Baltimore, Maryland. Amd. Compl. ¶ 2, 6. Elmore was the driver and/or owner of the tractor trailer which transported the shipment. Amd. Compl. ¶ 4. The Amended Complaint alleges that, "As driver and/or owner of the tractor trailer which transported the subject shipment, Defendant, Elmore owed a duty of care with respect to the shipment." Amd. Compl. ¶ 11.

According to Elmore's deposition testimony, in the years leading up to the shipment at issue, he had a long-term business relationship with Merchants unrelated to this case. Elmore received direct payments from Merchants from 2004 through 2008 for the unrelated work he performed. Elmore had filed a separate lawsuit against Merchants seeking to recover monies and fees owed to him by Merchants for past services. That lawsuit was dismissed without prejudice, pending the resolution of this case.

## II.     Discussion

### A.     Elmore's Motion to Dismiss the Amended Complaint

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Edwards, 178 F.3d at 244. To survive a motion to dismiss, however, a complaint must "in light of the nature of the action ... sufficiently allege each element of the

cause of action so as to inform the opposing party of the claim and its general basis." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005). In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. See, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions).

The Amended Complaint contains the following allegations relevant to a potential tort duty on the part of Elmore:

> 4. Defendant Charles R. Elmore was on information and belief the owner and driver of the truck involved in the subject shipment, leased, pursuant to an Owner Operator Lease Agreement to L&O.
>
> 11. As driver and/or owner of the tractor trailer which transported the subject shipment, Defendant, Elmore owed a duty of care with respect to the shipment to Plaintiff.
>
> 12. Elmore breached his duty of care owed to Plaintiff when he acted in a negligent manner with respect to the shipment . . .

Amd. Compl. ¶¶ 4, 11, 12. Merchants contends that these allegations support a bailment relationship between Merchants and Elmore, and that the bailment relationship created a duty on the part of Elmore to exercise reasonable care in protecting the bailed property.

Even construing the allegations in the Amended Complaint in the light most favorable to Merchants, the allegations fail to establish a bailment relationship between Merchants and Elmore. Under Maryland law, bailment consists of the following elements: (1) an existing subject matter; (2) a contract regarding the subject matter that includes possession of the subject matter by the bailee; (3) actual or constructive delivery of the subject matter; and (4) actual or constructive acceptance of the subject matter. Gen. Refining Co. v. Int'l Harvester Co., 173 Md. 404, 196 A. 131 (1938). The Amended Complaint contains allegations that L&O, not Elmore,

3

agreed to transport the salmon for Merchants in exchange for agreed freight charge and fees, and in accordance with "the valid terms of certain bills of lading." Amd. Compl. ¶ 6. The Amended Complaint contains no allegations of any such contractual relationship between Plaintiff and Elmore. Moreover, although the Amended Complaint does allege that Elmore's tractor trailer transported the shipment of salmon, it contains no allegations that Merchants delivered possession of the salmon to Elmore, that Elmore accepted the salmon from Merchants, that the contract between Plaintiff and L&O contemplated sub-bailment, or that Merchants knew of, authorized, or ratified a sub-bailment to Elmore. Such allegations would be necessary to establish the privity necessary for a bailment relationship, and therefore a duty of care, between Merchants and Elmore. Instead, the allegations in the Amended Complaint establish a bailment relationship between Merchants and L&O, and a separate contractual relationship between L&O and Elmore to which Merchants was not a party. Even assuming that Merchants can be deemed a third-party beneficiary of that contract, that status would not alone warrant judicial recognition of a tort duty by Elmore to Merchants. Jones v. Hyatt Ins. Agency, Inc., 356 Md. 639, 741 A.2d 1099, 1107 (1999).

Although Merchants alleges that Elmore owed Merchants a "duty of care," those conclusory legal terms, in the absence of alleged facts to provide a legal basis for the tort duty owed, are not sufficient to sustain the negligence claim. For those reasons, Elmore's Motion to Dismiss the Amended Complaint will be granted.[1]

---

[1] L&O's cross-claim against Elmore remains viable.

4

### B. L&O's Motion for Writ of Garnishment

L&O seeks "an Order of Attachment against the payment of any monies by the Plaintiff, Merchants Terminal Corporation, to the Cross-Defendant, Charles Elmore, owed either in full or partial payment of his services performed by Charles Elmore on behalf of Merchants Terminal Corporation." L&O Mot. at 8. Pursuant to Fed. R. Civ. Proc. 64, this Court should apply the law of the state in which the case is pending when considering remedies for the purpose of securing satisfaction of a judgment. The relevant Maryland statute governing attachment before judgment is Md. Cts. & Jud. Proc. Code Ann., § 3-303, which provides a specific list of situations in which an attachment before judgment may issue. Those circumstances include a non-resident debtor, § 3-303(b), a debtor who has acted to evade service, § 3-303(c), a debtor who has absconded from the state, § 3-303(d), a debtor who has taken steps to defraud creditors by assigning, concealing, or removing property, § 3-303(e), and other specific situations inapplicable to this case. L&O has not even cited § 3-303, and there are no factual allegations in the record to support an application of any of the subsections of § 3-303 in this case.[2] As a result, L&O's Motion for Writ of Garnishment is denied.

A separate order effectuating the rulings made in this memorandum is being entered herewith.

Dated: July 5, 2011                                              /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge

---

[2] Merchants also contends that Maryland law prohibits the attachment of contingent debts. Because the requirements of § 3-303 for prejudgment attachment have not been met, I need not reach that issue.